# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MHD-ROCKLAND INC. | * |
| v. | * Civil No. CCB-13-2442 |
| AEROSPACE DISTRIBUTORS INC., et al. | * |

## MEMORANDUM

Plaintiff MHD-Rockland Inc. ("Rockland") brings this suit against defendants, Aerospace Distributors Inc. ("ADI") and Aerospace Precision Inc. ("API"), in connection with ADI's alleged breach of an agreement to deliver overhauled airplane wheel assemblies to Rockland, and API's certifications that the wheel assemblies were not defective. ADI and API removed the case from the Circuit Court for Anne Arundel County and then moved to dismiss most of Rockland's claims; Rockland responded by submitting an amended complaint. In reply, ADI and API have argued that the amended complaint contains the same defects as the original complaint, and therefore should be dismissed for the reasons stated in the pending motion to dismiss. The parties have fully briefed the issues, and no oral argument is necessary. *See* Local R. 105.6. For the following reasons, the motion will be granted.

## BACKGROUND

According to the amended complaint, Rockland is a Maryland company, and ADI and API are Delaware companies with offices in the states of Florida and Washington. In September 2009, Rockland ordered four airplane wheel assemblies from ADI for the price of $40,700 ($10,175 for each wheel assembly). Rockland's purchase order specified that it required the

1

wheel assemblies to be in "OH," or overhauled, condition. (ECF No. 20-1 at 1.) After receiving Rockland's order, ADI sent four wheel assemblies and an acknowledgement form representing that the wheel assemblies were in OH condition. ADI's acknowledgment form further stated it was "subject to" the Conditions of Sale printed on the reverse side of the form. (ECF No. 20-1 at 5.) Among other things, these conditions purported to limit ADI's liability for any consequential damages suffered by Rockland and to disclaim any express and implied warranties with respect to the wheel assemblies.

Upon receiving the wheel assemblies, Rockland allegedly discovered that two of the wheel assemblies were not in OH condition and were, therefore, defective. Rockland returned the allegedly defective wheel assemblies to ADI. In 2011 it agreed to accept two replacement wheel assemblies. Soon thereafter, API certified for ADI that after inspecting and testing the two replacement wheel assemblies, it discovered no defects. (ECF No. 20-1 at 14–17.) But according to Rockland, these replacement wheel assemblies were also defective. Consequently, Rockland demanded additional replacement wheel assemblies or a refund of the purchase price of the two defective wheel assemblies. ADI allegedly disputed that the wheel assemblies were defective and refused the demand for additional replacements or a refund.

On July 3, 2013, Rockland filed this lawsuit in Maryland state court. Defendants removed the case to this court on August 21, 2013, asserting diversity jurisdiction. *See* 28 U.S.C. § 1332. The original complaint included four counts: breach of contract, misrepresentation, and two unnamed causes of action for money paid by Rockland and received by defendants. Rockland sought damages of $46,210 for the breach of contract claim and $150,000 for the misrepresentation claim (including $100,000 in punitive damages). The complaint did not specify a damages amount for the unnamed counts. Defendants filed a motion

to dismiss all but the actual contract damages claim for $20,350 on August 28, 2013.[1] In response, Rockland opposed the motion and amended its complaint. The amended complaint contains only three counts: breach of contract, negligent misrepresentation, and unjust enrichment. Additionally, the amended complaint reduces the total damages sought to $73,500.[2]

## STANDARD

When ruling on a motion brought under Rule 12(b)(6), the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim . . . . However, the complaint must allege sufficient facts to establish those elements." *Walters*, 684 F.3d at 439

---

[1] Defendants do not agree that the replacement wheel assemblies were defective but do not move to dismiss this part of the complaint.
[2] In fact it appears the total damages sought are $24,500. That amount (approximately) is claimed in each count.

3

(internal citations and quotation marks omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). In deciding whether to grant a motion to dismiss, the court may also consider documents attached to the complaint as well as documents attached to the motion to dismiss, provided that they are "integral to the complaint and authentic." *See Sec'y for State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

## ANALYSIS

### I. Amended Complaint

Federal Rule of Civil Procedure 15(a) entitles a plaintiff to amend its complaint as a matter of course within twenty-one days after service of a motion to dismiss brought under Rule 12(b). Here, Rockland submitted its amended complaint within twenty-one days after defendants submitted their motion to dismiss in accordance with Rule 15(a). But even though Rockland was permitted to amend its complaint, the amended complaint does not render defendants' original motion to dismiss moot if the amended complaint suffers from some of the same defects as the original complaint. *See* 6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 1476, at 638 (3d ed. 2010)). In this case, the amended complaint suffers from the same defects addressed by defendants in their original motion to dismiss, so the court will treat the motion to dismiss as addressing the amended complaint.

### II. Negligent Misrepresentation

Turning to the motion to dismiss, defendants first argue that Rockland's negligent misrepresentation claim should be dismissed. To establish a claim for negligent misrepresentation, a plaintiff must establish the following five elements:

(1) the defendant, owing a duty of care to the plaintiff, negligently asserts a false statement;

(2) the defendant intends that his statement will be acted upon by the plaintiff;

(3) the defendant has knowledge that the plaintiff will probably rely on the statement, which, if erroneous, will cause loss or injury;

(4) the plaintiff, justifiably, takes action in reliance on the statement; and

(5) the plaintiff suffers damage proximately caused by the defendant's negligence.

*Weisman v. Connors*, 540 A.2d 783, 791 (Md. 1988) (quoting *Martens Chevrolet v. Seney*, 439 A.2d 534, 539 (Md. 1982)).

Defendants' primary contention is that Rockland has not alleged sufficient facts to establish the first element of a negligent misrepresentation claim—the existence of a duty of care owed by either defendant to Rockland. Under Maryland law, the two primary considerations in determining whether a tort duty exists "are the nature of the harm likely to result from a failure to exercise due care, and the relationship that exists between the parties." *Weisman*, 540 A.2d at 791 (citing *Jacques v. First Nat'l Bank of Md.*, 515 A.2d 756, 759 (Md. 1986)). In economic loss cases, there must be an "intimate nexus between the parties" in order to impose a tort duty of care. *Jacques*, 515 A.2d at 759–60. But when the relationship between the parties is contractual, any duty owed by the defendant "giving rise to the tort cause of action must be independent of the contractual obligation." *Wilmington Trust Co. v. Clark*, 424 A.2d 744, 754 (Md. 1981). "The mere negligent breach of a contract, absent a duty or obligation imposed by law independent of that arising out of the contract itself, is not enough to sustain an action sounding in tort." *Jacques*, 515 A.2d at 759 (quoting *Heckrotte v. Riddle*, 168 A.2d 879, 882 (Md. 1961)). Although this rule applies when the contracting parties are equally sophisticated, there is an exception when the contractual relationship involves a "vulnerable party." *See Lawyers Title*

*Ins. Corp. v. Rex Title Corp.*, 282 F.3d 292, 293–94 (4th Cir. 2002) (citing *Jacques*, 515 A.2d at 759).

Here, the relationship between Rockland and ADI is distinct from the relationship between Rockland and API, so the court will address Rockland's claims against each defendant separately. First, ADI did not owe Rockland a duty of care independent of the contractual obligation to deliver wheel assemblies in OH condition. Rockland simply claims ADI promised to deliver wheel assemblies meeting Rockland's specifications, but the wheel assemblies in fact failed to meet those specifications. Thus, Rockland's negligence cause of action actually sounds in contract law. Moreover, Rockland has not alleged facts showing it was a vulnerable party in this transaction, *cf. Jacques*, 515 A.2d at 762–65 (holding that a bank owed a duty of care to vulnerable loan applicants), or any independent duty owed by ADI, *cf. Lawyers Title*, 282 F.3d at 294 (holding that an insurance agent owed an independent duty to its principal). Accordingly, Rockland's claim for negligent misrepresentation against ADI will be dismissed.[3]

As to API, Rockland had no contract with API and has not alleged any other facts showing API and Rockland shared an "intimate nexus" sufficient to impose a duty of care on API for the representations it made, *see Jacques*, 515 A.2d at 759–60, nor is Rockland a "vulnerable" party. Accordingly, the court also will dismiss Rockland's negligent misrepresentation claim against API.

## III. Lost Profits

While defendants have not moved to dismiss Rockland's breach of contract claim in its entirety, they have argued that Rockland should not be allowed to seek lost profits because the

---

[3] Because Rockland cannot show ADI owed a duty of care giving rise to a tort cause of action, the court does not need to address defendants' alternative reasons for dismissing the negligent misrepresentation claim against ADI.

contract expressly forecloses any warranty, including ADI's liability for consequential damages. Specifically, defendants contend that the contract included the "Conditions of Sale" attached to the ADI acknowledgment form sent to Rockland along with the original wheel assemblies. According to the Conditions of Sale, ADI is not liable for, among other things, "incidental or consequential damages in connection with the product or services sold." (ECF No. 20-1 at 5.) Rockland claims it does not recall receiving the Conditions of Sale, but even if it did receive them, it rejected these conditions when it returned the defective wheel assemblies.

Because the Conditions of Sale and other contractual documents are attached to the amended complaint, the court can consider them at this stage of the proceedings. *See Trimble Navigation*, 484 F.3d at 705. Therefore, the initial question for the court is whether the limitation on consequential damages in the Conditions of Sale is part of the parties' contractual agreement. Because this case involves a sale of goods between merchants, whether the additional terms in ADI's acceptance are part of the contract is governed by Md. Code Ann. Com. Law § 2-207 (2013). Under § 2-207(1), an acceptance containing additional terms is still an acceptance that forms a contract unless the "acceptance is expressly made conditional on assent to the additional or different terms." If there is an acceptance under § 2-207(1), § 2-207(2) provides that any additional terms in the acceptance become part of a contract between merchants unless "(a) [t]he offer limits acceptance to the terms of the offer; (b) [t]hey materially alter it; or (c) [n]otification of objection to them has already been given or is given within a reasonable time after notice of them is received."

Here, ADI's acceptance of Rockland's purchase order stated it was "subject to" the Conditions of Sale, one of which is the limitation on consequential damages. Maryland courts have not resolved the question of whether an acceptance "subject to" additional terms amounts to

an acceptance "expressly made conditional" on the other party's assent to those additional terms within the meaning of § 2-207(1). *See USEMCO, Inc. v. Marbro Co., Inc.*, 483 A.2d 88, 94 (Md. App. 1984) (identifying the question of whether a party who makes its acceptance "subject to" additional terms is the equivalent of making its acceptance expressly conditional on the other party's assent to the additional terms, but deciding the case on other grounds). Other courts interpreting similar language in acknowledgement forms have concluded that such language does not make the acceptance expressly conditional on the buyer's assent to the additional terms.[4] This court finds the reasoning of these cases to be persuasive and holds that ADI's acceptance of Rockland's purchase order was not expressly made conditional on Rockland's assent to the additional terms.

The question then becomes whether the additional terms in ADI's acceptance are part of the contract. Rockland's arguments about why the additional terms should not be part of the contract are unpersuasive. Its first argument—that it does not recall receiving these restrictive conditions—is belied by the fact that its amended complaint states ADI sent the Conditions of Sale along with the allegedly defective wheel assemblies. (Rockland Am. Compl. ¶ 2, ECF No. 15.) Rockland's conclusory argument that it does not recall receiving the Conditions of Sale is found only in its opposition and is not an adequate ground to exclude the terms from the contract.

---

[4] *See, e.g.*, *Luria Bros. & Co., Inc. v. Pielet Bros. Scrap Iron & Metal, Inc.*, 600 F.2d 103, 113 n.12 (7th Cir. 1979) (interpreting UCC); *Dorton v. Collins & Aikman Corp.*, 453 F.2d 1161, 1167–68 (6th Cir. 1972) (same); *Stemcor USA, Inc. v. Trident Steel Corp.*, 471 F. Supp. 2d 362, 368–69 (S.D.N.Y. 2006) (applying New York law); *AEL Indus., Inc. v. Loral Fairchild Corp.*, 882 F. Supp. 1477, 1485 (E.D. Pa. 1995) (same); *Gardner Zemke Co. v. Dunham Bush, Inc.*, 850 P.2d 319, 323–24 (N.M. 1993) (applying New Mexico law). In *Dorton*, the Sixth Circuit explained that "it is not enough that an acceptance is expressly conditional on additional or different terms; rather, an acceptance must be *expressly* conditional on the offeror's *assent* to those terms." *Dorton*, 453 F.2d at 1168 (emphasis in original).

Rockland's next argument fails for a similar reason. In its amended complaint, Rockland asserts that the Conditions of Sale were never accepted. Rockland has not alleged, however, how and when it rejected these additional terms. Although § 2-207(2) provides that additional terms do not become part of the contract when there is a timely objection, Rockland's conclusory allegation that it rejected the Conditions of Sale fails to meet the standard set forth in § 2-207(2). Rockland did in fact object to the physical condition of the first set of wheel assemblies after they were delivered, but it has not alleged any facts showing it timely objected to the *additional terms* in ADI's acceptance. *See Phillips Bros., Div. of Engelhard Mineral & Chem. Co. v. Locust Indus., Inc.*, 760 F.2d 523, 525 (4th Cir. 1985) (concluding that additional terms in a warehouse receipt became part of a contract in part due to other party's failure to timely object to the terms). Accordingly, the additional terms and conditions in ADI's acknowledgment form are part of the contract between the parties in this case.[5]

---

[5] Rockland has not argued that the terms should be excluded from the contract because they materially alter the agreement, but even if it had, the argument would fail. Section 2-207(2)(c) provides that additional terms that materially alter the contract do not become part of the contract. The Court of Special Appeals of Maryland has formulated the following test for determining whether additional terms in an acceptance materially alter an agreement: "[u]nless it would be both fair and commercially sound to assume that failure to object within a reasonable time to a proposal for additional terms is tantamount to an assent to their inclusion, [courts] should not apply § 2-207(2)(c) to terms and conditions that go to the very heart of the bargain." *USEMCO*, 483 A.2d at 94–95. In *USEMCO*, the additional terms in a manufacturer's acceptance negated a guarantee that the products would conform to the general contractor buyer's specifications and absolved the manufacturer of liability for delay and for liquidated or consequential damages suffered by the general contractor. These additional terms, however, conflicted with the general contractor's need for products exactly conforming to its plans for constructing a sewage plant for a county as well as its need to meet a deadline after which the general contractor would be liable for liquidated damages to the county. *See id.* at 95. Accordingly, the court concluded that "it would be unfair and unreasonable to assume from [the general contractor's] silence that it assented to those provisions" because they went to the heart of the bargain. *Id.*

Applying the *USEMCO* test to the facts of this case, the court concludes that the limitation on ADI's liability for consequential damages does not go to the heart of the bargain between ADI and Rockland. Although ADI allegedly did not provide wheel assemblies in the

Therefore, because the contract expressly limits Rockland's ability to seek consequential damages in relation to its contract with ADI, Rockland's claim for lost profits from the alleged breach of contract will be dismissed.

## IV.      Unjust Enrichment

Defendants further argue that Rockland's claim for unjust enrichment should be dismissed. To prove a claim for unjust enrichment, a plaintiff must establish "(1) a benefit conferred upon the defendant by the plaintiff; (2) the defendant's knowledge of the benefit; and (3) the acceptance by the defendant of the benefit under such circumstances as to make it inequitable to retain the benefit without payment of its value." *See Froelich v. Erickson*, 96 F. Supp. 2d 507, 524 (D. Md. 2000). "[G]enerally, quasi-contract claims such as quantum meruit and unjust enrichment cannot be asserted when an express contract defining the rights and remedies of the parties exists." *Cnty. Comm'rs of Caroline Cnty. v. J. Roland Dashiell & Sons, Inc.*, 747 A.2d 600, 610 (Md. 2000); *see also FLF, Inc. v. World Publ'ns, Inc.*, 999 F. Supp. 640, 642 (D. Md. 1998) ("It is settled law in Maryland, and elsewhere, that a claim for unjust enrichment may not be brought where the subject matter of the claim is covered by an express contract between the parties."). The reason for the rule is simple—parties who have entered into express contractual agreements assume certain risks, and they should not be able to avoid

---

proper condition, neither the order confirmation nor the attached Conditions of Sale stated ADI would provide anything other than wheel assemblies in the condition that Rockland desired. Additionally, unlike the limitation on liquidated damages and waiver of liability for delay in *USEMCO*, a limitation on consequential damages here is not "so inconsistent" with Rockland's obligations to third parties or purpose in making this contract as to go to the heart of the bargain. This conclusion is in accord with Comment 5 to § 2-207, which provides that an example of an additional term that does not materially alter an agreement is one that limits remedies in a reasonable manner. *See Phillips Bros.* 760 F.2d at 525 (applying Maryland law). Furthermore, Comment 5 references § 2-719, which provides that "[c]onsequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." Rockland has not alleged any facts or submitted any argument that these terms are unconscionable.

bearing those risks by seeking quasi-contractual remedies. *See J. Roland Dashiell & Sons*, 747 A.2d at 607 (citing *Mass Transit Admin. v. Granite Constr. Co.*, 471 A.2d 1121, 1126 (Md. App. 1984)). Thus, if an express contract fully addresses the subject matter of an agreement, the law holds the parties to the terms of the contract. *See id.* at 610.

In this case, neither party disputes the existence of an express contract. The contract defines the right and remedies of the parties. If Rockland believes it is due money under the contract because ADI failed to provide functional wheel assemblies, then its remedy is to bring a breach of contract claim, which it has done.

## V.     Diversity Jurisdiction and Remand

Defendants finally argue that the court should not remand this case to state court as suggested by Rockland in its opposition to the motion to dismiss. Defendants first argue that the court should decline to address the issue of remand because Rockland has not submitted a motion for remand pursuant to 28 U.S.C. § 1447(c). Section 1447(c) authorizes district courts to remand removed cases to state court under certain circumstances. Specifically, a district court can remand a case based on a defect other than a lack of subject matter jurisdiction only if a party makes a motion for the court to do so within thirty days of the filing of the notice of removal. *See Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 198–99 (4th Cir. 2008). By contrast, a district court can remand a case based on defects in subject matter jurisdiction at any time *sua sponte*. *See id.*

Here, defendants overlook the fact that Rockland's argument on the issue of remand is based on its position that this court lacks subject matter jurisdiction to hear this dispute. Specifically, Rockland claims that because the total damages sought in the amended complaint is less than $75,000, the amount in controversy requirement for diversity jurisdiction is not met.

Accordingly, Rockland was not required to make a motion under § 1447(c) for the court to consider the remand issue.

Nevertheless, Rockland's argument that the court lacks subject matter jurisdiction due to the lower amount of damages sought in its amended complaint is unavailing. It is well established that the requirements of diversity jurisdiction, including the amount in controversy, are measured as of the date the case is filed in federal court or removed from state court. *See Whiteman v. Chesapeake Appalachia, L.L.C.*, 729 F.3d 381, 384 n.6 (4th Cir. 2013) (citing 14AA Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3702.4, at 457–58 (4th ed. 2011)); *Gardner v. AMF Bowling Ctrs., Inc.*, 271 F. Supp. 2d 732, 733 (D. Md. 2003) (citing *Porsche Cars N. Am., Inc. v. Porsche.net*, 302 F.3d 248, 255 (4th Cir. 2002)). "Thus, even if 'the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction.'" *Gardner*, 271 F. Supp. 2d at 733 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)). The original complaint alleged damages over $75,000, and while some of the claims will be dismissed pursuant to this memorandum opinion and attached order, no party argues that these claims were made in bad faith. *See Shanaghan v. Cahill*, 58 F.3d 106, 112 (4th Cir. 1995) ("Unless the claim for an amount over the jurisdictional prerequisite is made in bad faith, or unless it is plain from the complaint that an amount less than the jurisdictional amount is all that is at issue, the district court has jurisdiction over the case."). Accordingly, the fact that Rockland amended its complaint to allege damages less than $75,000 does not strip the court of subject matter jurisdiction.

## CONCLUSION

For the reasons stated above, the motion to dismiss all claims other than the contract claim for $20,350 in damages will be granted. A separate order follows.


January 3, 2014                                            /s/
Date                                                Catherine C. Blake
                                                    United States District Judge