IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MHD-Rockland Inc. | : |
| | : |
| | : |
| v. | : Civil No. CCB-13-2442 |
| | : |
| | : |
| Aerospace Distributors Inc. | : |
| | : |

**MEMORANDUM**

This case concerns the alleged breach of a contract under which defendant Aerospace Distributors Inc. ("ADI") agreed to supply plaintiff MHD-Rockland Inc. ("Rockland") with four airplane wheel assemblies. Now before the court is ADI's motion to dismiss and for attorney's fees based on Rockland's last-minute cancellation of a planned settlement conference before a Magistrate Judge. The parties have fully briefed the issues, and no in-court hearing is necessary. *See* Local R. 105.6 (D. Md. 2014).[1] For the following reasons, the motion will be granted in part and denied in part.

**BACKGROUND**

Rockland sued ADI and Aerospace Precision Inc. ("API") in Maryland state court in July 2013, and the defendants removed the case to this court the following month. The court dismissed all claims against API, leaving only a contract claim against ADI for $20,350 in damages, and, in the alternative, a claim for rescission and restitution. In a telephone conference call on October 20, 2014, a bench trial was scheduled for April 27 through 29, 2015. Also in that call, counsel for both parties consented to have the case referred to a Magistrate Judge for a settlement conference, with the accommodation that party representatives be permitted to attend

---

[1] The motion was discussed orally with counsel during a telephone conference call earlier today.

1

the conference by telephone.  On October 21, 2014, the court issued an order referring the case to Magistrate Judge Coulson.  On November 24, 2014, Judge Coulson issued an order scheduling the settlement conference for January 21, 2015.  That order indicated that "**FAILURE TO COMPLY WITHOUT JUSTIFICATION MAY RESULT IN THE <u>IMPOSITION OF SANCTIONS</u>**[.]"  (Order Scheduling Settlement Conference 3, ECF No. 45 (emphasis in original).)  Both parties submitted ex parte statements to Judge Coulson, as required, and Judge Coulson "reviewed [them] in preparation for the conference."  (Order Cancelling Settlement Conference, ECF No. 46.)

On January 19, 2015,[2] however, Rockland's general counsel—not its counsel of record—emailed Judge Coulson purporting to cancel the conference unilaterally based on Rockland's view that settlement would be more likely during the "week before trial" than during the conference, and that the conference would be prohibitively expensive given the low value of Rockland's claim.  (Rockland Email 2, ECF No. 47.)  Further, the general counsel informed Judge Coulson that Rockland had "revoked [the] mandate" of its attorney, and would "appoint a new attorney to act on its behalf shortly."  (*Id.*)  Because Rockland could not proceed without counsel admitted to practice in the District of Maryland, Judge Coulson had no choice but to cancel the settlement conference on January 20, the day before it was scheduled to take place.  Rockland's then-counsel moved to withdraw as attorney later that day.  This court granted that motion the following day.  On February 20, 2015, Rockland's current counsel filed his notice of appearance.

On March 6, 2015, ADI moved to dismiss and for attorney's fees based on Rockland's cancellation of the settlement conference and on Rockland's alleged delay in timely substituting

---

[2] On this date the court was closed in observance of Martin Luther King, Jr. Day.

counsel.  Rockland responded.

## ANALYSIS

ADI asks the court to dismiss Rockland's second amended complaint because Rockland failed to both (1) timely substitute counsel pursuant to Local Rule 101.2.b, and (2) comply with the court's order of a settlement conference.  In the alternative, ADI seeks an order requiring Rockland to pay the costs and fees ADI incurred preparing for the settlement conference.

**Dismissal under Local Rule 101.2.b**

The relevant portion of Local Rule 101.2.b, which governs withdrawal of appearance of an attorney representing a party other than an individual, provides as follows:

> In the event that within thirty (30) days of the filing of the motion to withdraw, new counsel has not entered an appearance, the Court may take such action, if any, that it deems appropriate, including granting the motion to withdraw and dismissing any affirmative claim for relief asserted by the party and/or directing the party to show cause why a default should not be entered on claims asserted against it.

Local R. 101.2.b (D. Md. 2014).  ADI points out that Rockland's previous counsel filed his motion to withdraw on January 20, 2015, and Rockland's current counsel did not file his notice of appearance until February 20, 2015, when 31 days had passed.  ADI thus asks the court to dismiss Rockland's "affirmative claim[s] for relief" by dismissing its second amended complaint.

Rockland counters that ADI suffered no prejudice from the one-day delay, as discovery had closed and there were no pending motions.  Rockland further avers that obtaining replacement counsel was difficult because it has a "very limited litigation budget" and trial was set for late April.  (Pl.'s Opp'n 2, ECF No. 52.)  As support, Rockland attaches the affidavit of Neda Esmailzadeh, Rockland's general counsel, in which Ms. Esmailzadeh states that "[g]iven

3

the amount in controversy and the current posture of the case, it was difficult for MHD-Rockland to obtain subsequent counsel." (Esmailzadeh Aff. ¶ 5, ECF No. 52-1.)[3]

The justification for Local Rule 101.2.b's requirement that replacement counsel promptly file a notice of appearance is that "[a]ll parties other than individuals must be represented by counsel." Local R. 101.1.a (D. Md. 2014). A party, like Rockland, that is not an individual may not represent itself pro se. *See, e.g.*, *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993) ("[A] corporation may appear in the federal courts only through licensed counsel."). Litigation can proceed, therefore, only where such a party is properly represented.

It is clear that Local Rule 101.2.b empowers the court to dismiss a party's claims if the court finds it appropriate to do so. *See Ground Zero Museum Workshop v. Wilson*, 813 F. Supp. 2d 678, 709-10 (D. Md. 2011) ("[U]nder Local Rule 101.2.b, Ground Zero's sole remaining claim will be subject to dismissal and default judgment may be entered against it with respect to any counterclaims if new counsel does not enter an appearance promptly."). It is less clear, however, what standard the court should apply in determining whether dismissal is "appropriate." An entity's failure to appoint counsel is akin to a failure to prosecute under Federal Rule of Civil Procedure 41(b) or a failure to "otherwise defend" under Rule 55(a). *See, e.g.*, *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1310 (2d Cir. 1991) (upholding a default judgment entered against a partnership for willfully failing to "comply with the district court's order directing it to appear with counsel," and citing Rule 55(a)); *EEOC v. CDG Mgmt., LLC*, RDB-08-2562, 2010 WL 4904440, at *1-2 (D. Md. Nov. 24, 2010)[4] (applying Rule 55(a) where

---

[3] The parties also disagree over whether it matters that the court granted the motion to withdraw on January 21, 2015, rather than on January 20, 2015. That fact is irrelevant, as Local Rule 101.2.b provides that the clock begins to run on the date "of the filing of the motion to withdraw[.]"

[4] Unpublished cases are cited not for any precedential value but for the persuasiveness of their reasoning.

an LLC failed to appoint new counsel despite a court order directing it to do so).

Rockland, however, has not failed to prosecute. Though its new counsel did not file his notice of appearance until one day after the 30 day limit set out in the local rule, Rockland is participating in this litigation as the case moves toward trial. Further, ADI has not provided the court with any precedent that would support dismissal where a notice of appearance was filed one day late and where the moving party has not suggested it suffered prejudice from the delay. Nor has Rockland requested an alternative sanction under the local rule. Accordingly, the court will not dismiss Rockland's second amended complaint based on the violation of Local Rule 101.2.b.

**Dismissal under Federal Rule of Civil Procedure 16(f)(1)**

Federal Rule of Civil Procedure 16 governs pretrial conferences, scheduling, and general case management. Subsection (f) of that rule, titled "Sanctions," provides as follows:

> **(1)** *In General.* On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
> **(A)** fails to appear at a scheduling or other pretrial conference;
> **(B)** is substantially unprepared to participate—or does not participate in good faith—in the conference; or
> **(C)** fails to obey a scheduling or other pretrial order.

Fed. R. Civ. P. 16(f). Rule 16(f) incorporates by reference several of the sanctions Rule 37(b)(2)(A) authorizes when a party has failed to obey a discovery order. Those sanctions include:

> **(ii)** prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> **(iii)** striking pleadings in whole or in part;
> **(iv)** staying further proceedings until the order is obeyed;
> **(v)** dismissing the action or proceeding in whole or in part;
> **(vi)** rendering a default judgment against the disobedient party; or
> **(vii)** treating as contempt of court the failure to obey any order except an order

to submit to a physical or mental examination. Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii). Thus, dismissing an action or rendering a default judgment "can, under certain circumstances, be an appropriate response to the violation of a Rule 16 order." *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995).[5]

Such a dismissal, however, may constitute an abuse of discretion if (1) the court has not first warned the offending party about the possibility of such a sanction; (2) the rule violation did not prejudice the opposing party; and (3) the court has not first "consider[ed] imposing sanctions less severe" than dismissal. *Id.* at 40-41. *See also* 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1531 (3d ed. 2010) ("To merit such a sanction, the party typically has engaged in a pattern of disobedience or noncompliance with court orders, including failing to appear at scheduled conferences, and the noncompliance most often has prejudiced the opposing party, so that the court concludes that no lesser sanction is warranted.").

Here, Rockland failed to obey a pretrial order within the meaning of Rule 16(f)(1)(C) when, on a federal holiday two days before a scheduled settlement conference, its general counsel sent the Magistrate Judge an email purporting to unilaterally cancel the conference. *See Empire, Inc. v. Wal-Mart Stores, Inc.*, 188 F.R.D. 478, 479-80 (E.D. Ky. 1999) ("[I]t was the Court, not the parties, who ordered the settlement conference and, therefore, it is the Court, and only the Court, which may set aside its Order."). To justify the cancellation, the email asserted that settlement was unlikely because Rockland had already attempted to settle the case "on numerous occasions . . . to no avail"; settlement would be more likely "in a week before trial";

---

[5] Though *Hathcock* addressed the entry of default judgment, its reasoning applies with equal force to the dismissal contemplated here.

Rockland's budget for the case (in which $20,350 is at stake) allowed for either the settlement conference or trial but not both; and Rockland had "revoked [the] mandate" of its attorney. (Rockland Email 1-2.)   As Judge Coulson noted in his order cancelling the settlement conference, "the proper procedure would have been for [Rockland's] counsel of record to make this request and for the Court to solicit a response from [ADI] and make a ruling, preferably well in advance of the scheduled date."  (Order Cancelling Settlement Conference.)

Now, in its response in opposition to ADI's motion to dismiss, Rockland represents that although on October 20, 2014, both parties agreed to a settlement conference, Rockland's then-counsel failed to inform "Rockland itself and its general counsel" about the settlement conference "until much later."  (Pl.'s Opp'n. 3.)  Rockland further represents (and supports with Ms. Esmailzadeh's affidavit) that prior counsel did not explain the costs associated with the conference, inform Rockland of the required submission of an ex parte statement to Judge Coulson, or consult Rockland or its general counsel concerning the content of that statement. But Ms. Esmailzadeh concedes that she became aware of the conference "sometime in late 2014," (Esmailzadeh Aff. ¶ 6), which was at least three weeks—and given the vagueness of the representation, probably significantly longer—before the settlement conference.  Even if Rockland's representations about its prior counsel are true, it does not explain or justify why Rockland waited so long to express its desire to cancel the conference.  The court must control its calendar, and litigants must not manipulate the court's time as if it had no value.  The inexcusably late cancellation of the settlement conference showed disrespect to the time Judge Coulson had already spent preparing for the conference.  It also deprived him of his ability to hold a different settlement conference on January 21, or perform other work for the court that

would have required more advance notice.  Such a late cancellation is a significant disruption to the efficient working of the court.

Nevertheless, because Rockland has not engaged in a pattern of similarly unacceptable behavior, the court has not had the opportunity to provide a warning that such behavior could result in dismissal.  Further, ADI has not asserted that it was prejudiced by the late cancellation.  The court will therefore consider alternative, less severe sanctions.

**Fees and Costs under Federal Rule of Civil Procedure 16(f)(2)**

Rule 16(f) also authorizes sanctions less severe than dismissal.  In particular, Rule 16(f)(2) provides:

> ***Imposing Fees and Costs.*** Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f)(2).

For the reasons just described, Rockland's noncompliance with court-ordered mediation—and, in particular, its inexcusably late notice purporting to cancel the conference—was not substantially justified.  The court will therefore order Rockland "to pay the reasonable expenses—including attorney's fees—[ADI] incurred because of" Rockland's noncompliance, that is, fees and costs ADI incurred preparing for the conference. *See Empire*, 188 F.R.D. at 481-82 (ordering the defendant to pay the plaintiff's attorney's fees and costs incurred in preparation for a settlement conference the defendant unilaterally sought to cancel based on its determination that the conference would serve no purpose). *See also Ayers v. City of Richmond*, 895 F.2d 1267, 1269-70 (9th Cir. 1990) (upholding the district court's order that an attorney,

who failed to appear at a settlement conference because the date "slipped by him," be required to pay the reasonable expenses incurred by the opposing party in connection with the conference). Accordingly, no later than April 24, 2015, ADI may file an appropriate affidavit and documentation seeking to establish reasonable fees and costs it incurred preparing for the cancelled settlement conference and, if warranted, the cost of the motion to dismiss.

## CONCLUSION

For the reasons stated above, ADI's motion will be denied to the extent it seeks dismissal, and granted to the extent it seeks reasonable attorney's fees and costs. The court will not order the parties to participate in an additional settlement conference because there is not enough time before trial to accommodate the schedules of the parties and the court.

A separate order follows.


April 20, 2015                                                 /S/
Date                                                  Catherine C. Blake
                                                     United States District Judge